IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| ROY LATIMORE; KEVIN HENDERSON; DAYVON GRANT; ANTONIO MONTREZ HAMM; CHRISTOPHER WILLIAMS; LOWE SHAIQUAN; ALEXANDER WILLIAMS; LACARIO SMITH; MODA GUEYE; JOEY G. WILLIAMS; MICHAEL BROWN; ALFREDO SOSA; JASON WELBORN; WILLIAMS J. STEWART; TAVARES ATWELL; JAMES LEE WILLIAMS; DONALD HEARD; MICHAEL REESE; VERNON RHODES; ANTONIO PAYNE; KYREE BRANTLEY; LAMEGIA WILLIS; and KEMONTE DILLINGHAM, <br><br>Plaintiffs,[1] <br><br>v. <br><br>ANDREW MCFARLAND; RICKY WILCOX; TONJI KEITH; MR. WOOTEN; MR. KELLOM; MS. FOSTER; C/O II GARDNER; MS. JOHNSON; MEDICAL STAFF; CITY OF TELFAIR COUNTY; MR. SIKES; and SGT. TUCKER, <br><br>Defendants. | CV 324-077 |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiffs, a group of inmates currently incarcerated at Telfair State Prison in Helena, Georgia, have filed a purported class action action under 42 U.S.C. § 1983, alleging various constitutional violations. Plaintiff Roy Latimore is the only plaintiff who signed the complaint, (see generally doc. no. 1), and he submitted a motion to proceed *in forma*

---

[1] The Court **DIRECTS** the **CLERK** to update the spelling of Plaintiffs Joey G. Williams and Kemonte Dillingham's names on the docket in accordance with the above caption, which is consistent with Plaintiffs' complaint. (Doc. no. 1, pp. 15-16.)

*pauperis* ("IFP"), (doc. no. 2).  Although only Plaintiff Latimore signed the complaint, the complaint includes a list of plaintiffs joining in the class action.  (Doc. no. 1, pp. 15-16.)  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** all Plaintiffs besides Plaintiff Latimore be **DISMISSED**.  Each Plaintiff must pursue their claims individually, if they so desire, by filing his or her own civil action.  In an accompanying Order, the Court addresses Plaintiff Latimore's motion to proceed IFP and orders him to amend his complaint.

I.     BACKGROUND

Plaintiffs' complaint alleges a gang-related incident occurred at Telfair State Prison on August 23, 2024, which resulted in an eleven-day facility lockdown.  (Doc. no. 1, p. 5.)  During this eleven-day period, prison staff permitted inmates only two showers, did not allow cell clean-outs, and provided inmates with cold food.  (Id.)  In addition to lockdown-related claims, the complaint further alleges systemic problems at Telfair State Prison, including significant violence, understaffing, security issues, mistreatment by staff, poor living conditions, and more.  (Id. at 7-14.)  The complaint contains interspersed claims specifically about Plaintiff Latimore, Plaintiff Latimore's cellmates, and Telfair State Prison generally.  (Id. at 5, 7-14.)  For relief, Plaintiffs request Telfair State Prison be closed, compensatory damages, and for Defendants to be criminally charged.  (Id. at 6.)

Plaintiff Latimore also filed a motion to proceed IFP.  (Doc. no. 2.)  Plaintiff Latimore is the only Plaintiff who signed the IFP motion, and he solely provides his own financial information.  (See id.)  No filing fee has been paid.  (See id.)

II.    DISCUSSION

The Eleventh Circuit has considered the issue of whether "the Prisoner Litigation Reform Act ["PLRA"] permits multi-plaintiff [IFP] civil actions."  Hubbard v. Haley, 262

F.3d 1194, 1196 (11th Cir. 2001). In Hubbard, the Eleventh Circuit noted that "the intent of Congress in promulgating the PLRA was to curtail abusive prisoner tort, civil rights and conditions of confinement litigation." Id. (citing Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997)). The Eleventh Circuit upheld a district court's dismissal of a multiple-prisoner/plaintiff lawsuit wherein the plaintiffs sought to proceed together IFP. Id. at 1198. The Eleventh Circuit concluded "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.'" Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)); see also Gandy v. Bryson, 799 F. App'x 790 (11th Cir. 2020) (confirming requirement each prisoner pay fee).

Allowing multiple prisoners to bring complaints in a single lawsuit circumvents the Congressional purpose in promulgating the PLRA. Id. at 1197-98. That is, "[t]he modest monetary outlay will force prisoners to think twice about the case and not just file reflexively." Id. at 1198 (quoting 141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)). The Eleventh Circuit held "the plain language of the PLRA requires that each prisoner proceeding IFP pay the full filing fee . . . ." Id. Therefore, the "district court properly dismissed the multi-plaintiff action in this instance." Id.

Ultimately, "it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." Wallace v. Smith, 145 F. App'x 300, 302 (11th Cir. 2005) (quoting Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)); see also Massimo v. Henderson, 468 F.2d 1209, 1210 (5th Cir. 1972) (affirming dismissal of the portion of petitioner's complaint seeking relief on behalf of fellow inmates).[2] Simply put, *pro se* Plaintiffs proceeding IFP shall not be permitted to bring a class action on behalf of other

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

prisoners. Wallace, 145 F. App'x at 302; see also FuQua v. Massey, 615 F. App'x 611, 612 (11th Cir. 2015) ("The right to appear *pro se*, however, is limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others.")

Accordingly, Plaintiff Latimore cannot bring a class action on behalf of other Telfair State Prison inmates. Furthermore, allowing Plaintiff Latimore to proceed IFP on behalf of twenty-two other inmates would permit the remaining Plaintiffs to proceed without paying any part of the filing fee whatsoever, which would defy the Eleventh Circuit's conclusion that "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of the filing fee.'" Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)). Therefore, these Plaintiffs should be dismissed. Because the complaint contains some claims specific to Plaintiff Latimore, and he is the only Plaintiff to sign the complaint, (doc. no. 1, p. 6), and IFP motion, (doc. no. 2, p. 3), the Court by separate Order requires him to amend his complaint.

### III. CONCLUSION

Because Plaintiffs may not bring a class action under the PLRA, the Court **REPORTS** and **RECOMMENDS** all Plaintiffs except Plaintiff Roy Latimore be **DISMISSED** without prejudice. By separate Order, the Court addresses Plaintiff Latimore's motion to proceed IFP and orders him to amend his complaint.

SO REPORTED and RECOMMENDED this 20th day of November, 2024, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA