IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

ROY LATIMORE; KEVIN )
HENDERSON; DAYVON GRANT; )
ANTONIO MONTREZ HAMM; )
CHRISTOPHER WILLIAMS; LOWE )
SHAIQUAN; ALEXANDER WILLIAMS; )
LACARIO SMITH; MODA GUEYE; )
JOEY G. WILLIAMS; MICHAEL BROWN; )
ALFREDO SOSA; JASON WELBORN; )
WILLIAMS J. STEWART; TAVARES )
ATWELL; JAMES LEE WILLIAMS; )
DONALD HEARD; MICHAEL REESE; )
VERNON RHODES; ANTONIO PAYNE; )
KYREE BRANTLEY; LAMEGIA WILLIS; )
and KEMONTE DILLINGHAM, )
)
    Plaintiffs, )
)
v. ) CV 324-077
)
ANDREW MCFARLAND; RICKY )
WILCOX; TONJI KEITH; MR. WOOTEN; )
MR. KELLOM; MS. FOSTER; C/O II )
GARDNER; MS. JOHNSON; MEDICAL )
STAFF; CITY OF TELFAIR COUNTY; )
MR. SIKES; and SGT. TUCKER, )
)
    Defendants. )

_____

**O R D E R**

_____

Plaintiff Roy Latimore, incarcerated at Telfair State Prison in Helena, Georgia, filed this case pursuant to 42 U.S.C. § 1983. On November 20, 2024, the Magistrate Judge entered a Report and Recommendation ("R&R") recommending the dismissal of all Plaintiffs except Plaintiff Latimore because *pro se* prisoners are not permitted to bring class action lawsuits under the Prison Litigation Reform Act. (Doc. no. 5.) Objections to the R&R were due no later than December 9, 2024. (Doc. no. 6.)

Having received no objections to the R&R by the December 9th deadline, the Court adopted the R&R as its opinion on December 20, 2024. (Doc. no. 7.) On December 23, 2024, the Clerk of Court received Plaintiff Latimore's objections to the R&R via mail, which were signed and dated December 7, 2024. (Doc. no. 10.)

Although Plaintiff Latimore's objections did not reach the Court by the objection deadline, using Plaintiff Latimore's signature date of December 7, 2024, and granting him the benefit of the "mailbox rule," the Court accepts the objections. See Houston v. Lack, 487 U.S. 266, 276 (1988) (deeming prisoner document filed on the date of delivery to prison officials for mailing); United States v. Glover, 686 F.3d 1203, 1205 (11th Cir. 2012) ("Unless there is evidence to the contrary . . . we assume that a prisoner's motion was delivered to prison authorities on the day he signed it."). Thus, the Court **VACATES** the adoption order entered on December 20, 2024. (Doc. no. 7.)

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's R&R, to which objections have been filed. (Doc. no. 10.) The Court finds Plaintiff Latimore's objections unavailing. Accordingly, the Court **OVERRULES** Plaintiff Latimore's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DISMISSES** all Plaintiffs except Plaintiff Roy Latimore without prejudice because Plaintiffs may not bring a class action under the Prisoner Litigation Reform Act. This case shall proceed with Plaintiff Latimore as the sole Plaintiff as described in the Magistrate Judge's November 20, 2024 Order. (Doc. no. 4.)

SO ORDERED this ___2nd___ day of January, 2025, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE