IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ROY LATIMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 324-077 |
| | ) | |
| ANDREW MCFARLAND; RICKY WILCOX; TONJI KEITH; MR. WOOTEN; MR. KELLOM; MS. FOSTER; C/O II GARDNER; MS. JOHNSON; MEDICAL STAFF; CITY OF TELFAIR COUNTY; MR. SIKES; and SGT. TUCKER, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate incarcerated at Telfair State Prison in Helena, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 and is proceeding *pro se* and *in forma pauperis* ("IFP"). Before the Court are Plaintiff's "Motion for Certification of the Class," (doc. no. 12), and "Motion for a Retaliatory Transfer," (doc. no. 14).

I.   **PLAINTIFF'S MOTION FOR CERTIFICATION OF THE CLASS SHOULD BE DENIED**

In his motion to certify the class, Plaintiff argues class certification is warranted in his § 1983 lawsuit involving events occurring at Telfair State Prison because "[t]he claims or defenses of the representative parties are the same typical claims and defenses of the other class members." (Doc. no. 12, p. 1; see also doc. no. 1.) He further states the questions of law and facts are common to each class member "because each Defendant violated every

Plaintiff's [constitutional] rights." (Doc. no. 12, p. 1) Plaintiff details facts relating to a lockdown at Telfair State Prison. (Id. at 2; see also doc. no. 1.) Finally, Plaintiff also argues counsel should be appointed for the class action. (Doc. no. 12, p. 2.)

As Plaintiff is well aware, (see doc. nos. 4, 5, 13), *pro se* prisoner class action lawsuits are improper. The undersigned previously explained to Plaintiff in a Report and Recommendation, adopted by United States District Judge Dudley H. Bowen, Jr., that *pro se* prisoner plaintiffs may not pursue class action lawsuits under the Prison Litigation Reform Act ("PLRA"). (Doc. no. 5, pp. 3-4; see also doc. no. 13.) Indeed, Judge Bowen dismissed all Plaintiffs except Plaintiff Latimore in accordance with this principle. (Doc. no. 13.) After all, "[i]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." Wallace v. Smith, 145 F. App'x 300, 302 (11th Cir. 2005) (*per curiam*) (quoting Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)).

Moreover, a prerequisite for class action certification is a finding by the Court the representative party can "fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4). However, courts have repeatedly held a *pro se* plaintiff is not an adequate class representative and may not litigate on behalf of others. See Johnson v. Brown, 581 F. App'x 777, 781 (11th Cir. 2014) (finding *pro se* litigant cannot bring an action on behalf of his fellow inmates); Bass v. Benton, 408 F. App'x 298 (11th Cir. 2011) (*per curiam*) (affirming dismissal of *pro se* former prisoner's § 1983 class action because "the general provision permitting parties to proceed *pro se*" does not provide "a personal right that . . . extend[s] to the representation of the interests of others"); Wallace, 145 F. App'x at 302 (affirming dismissal of *pro se* litigant's § 1983 class action complaint); Fymbo v. State Farm Fire &

Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) (holding that a *pro se* litigant "cannot adequately represent [a] putative class"). Here, Plaintiff is proceeding *pro se*, and thus, the Court cannot find he is an adequate class representative.

Plaintiff's motion further requests the appointment of counsel for this matter because "if class [a]ctions are too complex for a *pro se* prisoner to handle, that complexity ought [t]o support the [a]ppointment of counsel." (Doc. no. 12, p. 2.)

As a general rule, there is no entitlement to appointed counsel in a civil rights case such as this one. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Id.; see also Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) (finding exceptional circumstances justified appointment of counsel where suspect conduct of prison officials hindered prisoner plaintiff's ability to present essential merits of case and, additionally, where such appointment would alleviate security concerns and help sharpen issues).

Here, Plaintiff fails to show exceptional circumstances exist to justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Plaintiff has not shown that his status as a layman prevents him from "presenting the essential merits of his . . . position," which is the key consideration in determining whether the appointment of counsel is justified. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Indeed, Plaintiff has been able to communicate with the Court, as evidenced by his demonstrated ability to file his original complaint, amended complaint, and other motions with the Court thus far. (See e.g., doc. nos. 1-2, 10-12, 14.) Moreover, Plaintiff's concerns about the complexity of a class action are not persuasive because, for the reasons already discussed herein, Plaintiff cannot bring a class action on behalf of other *pro se* prisoners. (See doc. nos. 5, 13); see also Wallace, F.

3

App'x at 302. Accordingly, because Plaintiff may not pursue claims on behalf of other prisoners, and appointment of counsel is not warranted, Plaintiff's motion should be **DENIED**. (Doc. no. 12.)

**II.    PLAINTIFF'S "MOTION FOR A RETALIATORY TRANSFER" SHOULD BE DENIED**

Plaintiff also filed a motion titled "Motion for a Retaliatory Transfer," in which he alleges prison staff have been tampering with his mail because the Court did not receive Plaintiff's objections to the undersigned's Report and Recommendation.[1] (Doc. no. 14, pp. 1-2; see also doc. no. 13 (vacating prior Order entered before the Court received Plaintiff's objection and dismissing all Plaintiffs except Plaintiff Latimore).) He further describes violence and understaffing at Telfair State Prison and requests to be transferred "ASAP" to avoid harm. (Id. at 2-4.) The Court liberally construes this motion requesting a prison transfer as a motion for a preliminary injunction. See Torres v. Miami-Dade Cnty., Fla., 734 F. App'x 688, 691 (11th Cir. 2018) (*per curiam*) (explaining a court "must sometimes look beyond the labels used in a *pro se* party's [motion] and focus on the content and substance of the allegations")

A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All

---

[1] The Court received Plaintiff's objections, although they arrived late despite being timely dated. (See doc. no. 10, p. 2.) In light of the objections and granting Plaintiff the benefit of the "mailbox rule," Judge Bowen vacated his initial adoption order, which did not address the objections, and considered Plaintiff's objections when adopting the Report and Recommendation. (See doc. no. 13.)

Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983)).

Supplementing the elements listed above, the PLRA places additional restrictions on preliminary injunctions in the prisoner civil rights context. While the PLRA permits preliminary injunctive relief "to the extent otherwise authorized by law," it requires the relief "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Moreover, "[t]he court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief." Id.

In regard to what relief the Court may grant, Plaintiff has not met his burden of persuasion as to all the injunctive requirements, as supplemented by the PLRA requirements. The Court need not address the first factor, concerning substantial likelihood of success on the merits, because Plaintiff clearly fails to satisfy the remaining three elements. Failure to satisfy any one of the four prerequisites for injunctive relief is fatal to Plaintiff's request for injunctive relief. See Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (*per curiam*).

As to the second element, Plaintiff fails to demonstrate irreparable injury in the absence of an injunction. In order to satisfy the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d

969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (noting that, in order to obtain injunctive relief, a plaintiff must show "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury."). Although Plaintiff mentions his previous injuries, alleges staff "have tried to . . . have [Plaintiff] killed and harmed several times . . . since 2020," and raises concerns regarding systemic violence inside Telfair State Prison, nowhere does Plaintiff allege any actual, imminent, ongoing threat of injury. (See generally doc. no. 14.) In other words, he fails to allege a *present* threat of injury to his safety and instead describes concerns about past events and other abstract fears about violence in the prison generally. Moreover, Plaintiff has not established any threat of future injury resulting from purported mailroom issues because the Court ultimately received his objections to the Report and Recommendation, (see doc. no. 13), and Plaintiff does not claim to have sent any other mail that the Court has not yet received. Thus, Plaintiff fails to satisfy the irreparable harm element.

As to the third and fourth elements, Plaintiff also failed to address whether any threatened injury to him outweighs damage the proposed injunction may cause the opposing party and whether if issued, the injunction would be adverse to the public interest. The law is well-settled that federal courts should refrain from unwarranted interference in the day-to-day operations of prisons. See Bell v. Wolfish, 441 U.S. 520, 547 (1979). Moreover, as a general rule, inmates do not have a constitutional right to be housed at one facility or another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976).

Thus, at this stage of the case, the Court will not insert itself into the decision-making process of whether to transfer a prisoner. See Brown v. Anglin, No. 5:15-CV-294, 2016 WL 6803133, at *2 (N.D. Fla. June 27, 2016), *adopted sub nom.* Brown v. Holland, 2016 WL

6

6780319 (N.D. Fla. Nov. 15, 2016) ("As it concerns his apparent request for a prison transfer, especially at this early stage of the litigation, granting the injunction would require the federal courts to interfere in the administration of the jail and take over the management or treatment of a single inmate. Federal courts should normally be reluctant to interfere with matters of internal prison administration since they are ill-equipped to do so.")

Because failure to satisfy all four prerequisites for injunctive relief is fatal to Plaintiff's request for injunctive relief, Siegel, 234 F.3d at 1176, Plaintiff is not entitled to the relief he seeks. Therefore, his motion seeking a transfer should be **DENIED**. (Doc. no. 14.)

### III.   CONCLUSION

The Court **REPORTS** and **RECOMMENDS** Plaintiff's "Motion for Certification of the Class be **DENIED**, (doc. no. 12), and Plaintiff's "Motion for Retaliatory Transfer" be **DENIED**, (doc. no. 14).

SO REPORTED AND RECOMMENDED this 10th day of January, 2025, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA