IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ROY LATIMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 324-077 |
| | ) | |
| ANDREW MCFARLAND; RICKY WILCOX; TONJI KEITH; MR. WOOTEN; MR. KELLOM; MS. FOSTER; C/O II GARDNER; MS. JOHNSON; NURSE THOMAS; MEDICAL STAFF; CITY OF TELFAIR COUNTY; MR. SIKES; and SGT. TUCKER, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 34.) The Magistrate Judge recommended dismissing this case as a sanction for abusing the judicial process because Plaintiff failed to truthfully disclose his prior filing history on the complaint form. (See doc. no. 31.) The Magistrate Judge explained he had specifically informed Plaintiff about several of his prior cases in another case, yet Plaintiff failed to disclose these cases in executing the operative third amended complaint in the instant case, and thus dismissal as a sanction for Plaintiff's failure to fully disclose his filing history was warranted. (See doc. no. 31 (citing Latimore v. Hall et al., No. 3:24-cv-049, doc. no. 21 (S.D. Ga. Dec. 3, 2024) (hereinafter "CV 324-049").)

In his objections, Plaintiff states he did not disclose all his prior cases because he does not have access to a computer to look up his prior cases, and he has a bad memory. (Doc. no. 34, p. 1.) These justifications are unavailing. As the Magistrate Judge explained, Plaintiff was apprised of these prior cases in CV 324-049 about two months before he executed the third amended complaint in the case *sub judice*. See CV 324-049, doc. no. 21, p. 7 & n.1. However, Plaintiff nonetheless failed to make any attempt to disclose these prior cases despite recently being apprised of them. (See doc. no. 29-1.) Moreover, Plaintiff's contention that he was unable to access his prior cases lacks merit because, at the very least, he would have known he had filed other lawsuits prior to CV 324-049, and yet he did not disclose this fact. See Shelton v. Rohrs, 406 F. App'x 340, 341 (11th Cir. 2010) (*per curiam*) (affirming district court's dismissal of complaint for failure to fully disclose filing history and explaining "[e]ven if [plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits").

~~Accordingly,~~ in light of the foregoing, the Court agrees Plaintiff's case is due to be dismissed as a sanction because he failed to fully disclose his filing history. If Plaintiff wishes to file a new complaint disclosing all his cases, he may file a new lawsuit, which requires a new filing fee.

Furthermore, after the Report and Recommendation was entered, Plaintiff filed a motion to amend his complaint to update Defendant Kellom's title. (See doc. no. 35.) As a general rule, leave to amend under Fed. R. Civ. P. 15(a) is given freely. Foman v. Davis, 371 U.S. 178, 182 (1962); Wedemeyer v. Pneudraulics, Inc., 510 F. App'x 875, 878 (11th Cir. 2013) (*per curiam*). That said, leave to amend is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it."

2

Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (*per curiam*) (quoting Foman, 371 U.S. at 182). An amendment is futile when the pleading it seeks to amend would still be subject to dismissal if the amendment were permitted. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) (*per curiam*) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'" (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (*per curiam*))).

Here, amendment would be futile because any correction of Defendant Kellom's title would not alter the conclusion that this case is due to be dismissed because Plaintiff did not fully disclose his filing history. Furthermore, to the extent Plaintiff also seeks leave to amend to fully apprise the Court of his filing history, this argument similarly fails. Allowing Plaintiff to amend his complaint again would "circumvent the Court's ability to manage its docket by imposing sanctions for providing false information about prior filing history." Brown v. Overstreet, No. CV 107-113, 2008 WL 282689, at *2 n.2 (S.D. Ga. Jan. 30, 2008) (citation omitted); see also Harris v. Warden, 498 F. App'x 962, 964-65 (11th Cir. 2012) (*per curiam*) (rejecting plaintiff's argument that district court abused its discretion by dismissing his complaint without prejudice as a sanction for abuse of the judicial process before "allowing him 'to correct' his failure to disclose his prior litigation history"). Therefore, this motion to amend is **DENIED**. (Doc. no. 35.)

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** this action without

3

prejudice as a sanction for abusing the judicial process, and **CLOSES** this civil action. The Court further **DENIES** as **MOOT** Plaintiff's motion to amend. (Doc. no. 29.) The Court also **DENIES** Plaintiff's additional motion to amend for the reasons explained in the instant Order. (Doc. no. 35.) Finally, because this case is dismissed, the Court **DENIES** as **MOOT** Plaintiff's motion for appointment of counsel. (Doc. no. 33.)

SO ORDERED this 12th day of May, 2025, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE